**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **ROBERT EUGENE ALLEN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 12-CV-288-TCK-PJC |
| | ) |
| **CREEK COUNTY DIST. JUDGE;** | ) |
| **CREEK COUNTY DIST. COURT CLERK;** | ) |
| **CREEK COUNTY DIST. ATTORNEY,** | ) |
| | ) |
| **Defendants.** | ) |

**OPINION AND ORDER**

On May 18, 2012, Plaintiff Robert Eugene Allen, a federal prisoner appearing *pro se*, filed a 42 U.S.C. § 1983 civil rights complaint (Dkt. # 1) and a motion to proceed *in forma pauperis* (Dkt. # 2). For the reasons discussed below, Plaintiff shall be required to file both an amended complaint and an amended motion to proceed *in forma pauperis*.

**A. Motion to proceed *in forma pauperis* is deficient**

Upon review of Plaintiff's motion to proceed *in forma pauperis*, the Court finds the supporting information to be insufficient for compliance with the federal statute. Pursuant to 28 U.S.C. § 1915(a)(2), a "prisoner seeking to bring a civil action . . . without prepayment of fees . . . . in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). This information must be provided so that the Court can assess not only Plaintiff's ability to pay the filing fee but also his

ability to pay an initial partial filing fee to be applied towards the filing fee should Plaintiff be allowed to proceed without prepayment of the full fee. See 28 U.S.C. § 1915(b).

In this case, Plaintiff failed to provide the required accounting information. Plaintiff did not provide a certified copy of his account statement for the 6-month period immediately preceding the filing of the complaint. Before this action may proceed, Plaintiff shall file an amended motion to proceed *in forma pauperis* to provide a copy of the required accounting information. See 28 U.S.C. § 1915(a)(2). **Plaintiff is advised that even if he has insufficient funds to prepay the full $350 filing fee required to commence this action, he will nonetheless be responsible for payment of the full filing fee in monthly installments as mandated by 28 U.S.C. § 1915(b).** Plaintiff shall be allowed thirty (30) days to either pay the full $350 filing fee or submit an amended motion to proceed *in forma pauperis*, including the required accounting information, or show cause in writing for his failure to do so.

**B. Complaint is subject to dismissal**

  **1.  Screening/Dismissal standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must identify any cognizable claim and dismiss any claim which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b). To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that

is plausible on its face." Id. at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. Id. at 555. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the cause of action should be dismissed. Id. at 558. The Court applies the same standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) that is employed for Federal Rule of Civil Procedure 12(b)(6) motions to dismiss for failure to state a claim. Kay v. Bemis, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

A *pro se* plaintiff's complaint must be broadly construed under this standard. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). The generous construction to be given the *pro se* litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). A reviewing court need not accept "mere conclusions characterizing pleaded facts." Bryson v. City of Edmond, 905 F.2d 1386, 1390 (10th Cir. 1990); see also Twombly, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (quotations and citations omitted)). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

### 2. Claims are barred by <u>Heck v. Humphrey</u>

In his complaint (Dkt. # 1), Plaintiff states that on September 28, 1987, he was sentenced in Creek County District Court, to three (3) years probation on his conviction of a "sex crime."[1] He claims that in 1993, the alleged victim retracted her statement and false accusation. He further claims that he was told his "legal records from Creek County have been 'cleared' and 'sealed.'" See Dkt. # 1. He complains that despite his efforts to obtain relief from his Creek County convictions, he was arrested by the United States Marshal and charged with Failure to Register as a Sex Offender.[2] He argues that "there's no reason why the Court of Creek County can't clear this matter up and Petitioner could be released from federal prison." Id. Based on those allegations and arguments, Plaintiff identifies one claim, as follows:

> Petitioner's civil, constitutional, and statutory rights have all been violated because the Creek County Authorities have all failed to withdraw all pertinent information regarding the alleged charge(s) and case against petitioner. Therefore, [sic] which has lead to the present federal prison sentence petitioner is now currently serving.

---

[1] The docket sheet for Creek County District Court, Case No. CRF-1987-184, viewed at www1.odcr.com, reflects that on September 30, 1987, Plaintiff was sentenced to three (3) years suspended after entering pleas of guilty to two (2) counts of Lewd or Indecent Proposal/Acts to Child and to one (1) count of Lewd Molestation. Plaintiff did not move to withdraw his guilty pleas. On February 4, 1992, Plaintiff stipulated to allegations made in an application to revoke suspended sentence and he was sentenced to 30 months in custody of the Oklahoma Department of Corrections. On December 7, 2010, Plaintiff filed a motion to expunge charge from record. That motion was denied by order filed January 14, 2011. Nothing suggests that Plaintiff's convictions entered in Creek County District Court, Case No. CRF-1987-184, have been invalidated or set aside.

[2] On November 19, 2010, Plaintiff pleaded guilty to Failure to Register as a Sex Offender in the United States District Court for the Western District of Missouri, Case No. 10-CR-5036-RED. See www.ecf.mowd.uscourts.gov. On May 6, 2011, he was sentenced to 33 months in custody of the Federal Bureau of Prisons. Id. Plaintiff appealed. On October 4, 2011, the Eighth Circuit Court of Appeals affirmed his conviction and sentence. Nothing suggests that Plaintiff's conviction, entered in W.D. Mo. Case No. 10-CR-5036-RED, has been invalidated or set aside.

(Dkt. # 1). In his prayer for relief, Plaintiff asks for "I. Legal record cleared, NCIC cleared, court records cleared, II. $100,000.00 per year since 9/3/1987 for having stress, mental anguish, etc., III. A letter of 'apology' from the Creek County Court System for neglecting to include the letter from the alleged victim retracting her statement -- dated 1993, also, $5,000,000.00 for loss of family." Id.

Plaintiff's complaint is subject to dismissal for failure to state a claim upon which relief may be granted. "[A] state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence,' unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated." Edwards v. Balisok, 520 U.S. 641, 643 (1997) (quoting Heck v. Humphrey, 512 U.S. 477, 487 (1994)). Requests for injunctive and declaratory relief premised on allegations which necessarily imply the invalidity of ongoing incarceration are also barred under Heck. See Beck v. City of Muskogee Police Dep't, 195 F.3d 553, 557 (10th Cir. 1999)).

The Court finds that a judgment in favor of Plaintiff on his claim challenging the constitutionality of his ongoing incarceration based on Defendants' actions related to the criminal convictions entered in Creek County District Court would "necessarily imply the invalidity of his conviction or sentence." Heck, 512 U.S. at 487. If the Court were to find merit to Plaintiff's claims based on the Creek County Defendants' failure to set aside his Creek County convictions, that finding would necessarily imply the invalidity of the Creek County convictions. Such a finding would not be cognizable under § 1983 unless Plaintiff demonstrates that the Creek County convictions have been set aside or invalidated. Plaintiff has not shown that either the Creek County convictions or his federal conviction have been overturned or otherwise invalidated. As a result, any

claim for damages or declaratory or injunctive relief under 42 U.S.C. § 1983 has not yet accrued. As a result, Plaintiff's complaint is subject to being dismissed without prejudice for failure to state a claim upon which relief may be granted.

### 3. Request for money damages precluded by 42 U.S.C. § 1997e(e)

Pursuant to the Prison Litigation Reform Act, a prisoner is not entitled to recover compensatory damages for mental or emotional injuries without a prior showing of physical injury. 42 U.S.C. § 1997e(e) (providing that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury"). Plaintiff does not allege that he has suffered any physical injury as a result of Defendants' actions. Therefore, his request for money damages for "stress, mental anguish, etc." is subject to being dismissed. See Searles v. Van Bebber, 251 F.3d 869, 876 (10th Cir. 2001).

### 4. Opportunity to amend

Plaintiff will be afforded the opportunity to file an amended complaint to cure these deficiencies. If Plaintiff files an amended complaint, he must state specifically how and when each named defendant violated his constitutional rights. He must also demonstrate why this action should not be dismissed based on Heck v. Humphrey. If Plaintiff fails to file an amended complaint, this action will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Within thirty (30) days of the entry of this Order, or by **July 30, 2012**, Plaintiff shall file an amended motion to proceed *in forma pauperis* using the court-approved form and providing accounting information for the six-month period immediately preceding the filing of the complaint.

2. By the above-referenced deadline, Plaintiff shall file an amended complaint using the court-approved form and curing the deficiencies identified herein.

3. If Plaintiff fails to file an amended complaint, this action will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

4. The Clerk of Court shall send Plaintiff a blank motion to proceed *in forma pauperis* (form AO-240), and a blank civil rights complaint (form PR-01), both marked "amended" and identified as Case No. 12-CV-288-TCK-PJC, for Plaintiff's use in complying with this Order.

**Failure to comply with this Order may result in the dismissal of this action without prejudice and without further notice.**

DATED THIS 31st day of May, 2012.

*/s/ Terence C. Kern*
TERENCE C. KERN
UNITED STATES DISTRICT JUDGE