IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROBERT EUGENE ALLEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 12-CV-288-GKF-PJC |
| | ) |
| CREEK COUNTY DIST. JUDGE; | ) |
| CREEK COUNTY DIST. COURT CLERK; | ) |
| CREEK COUNTY DIST. ATTORNEY, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

On May 18, 2012, Plaintiff Robert Eugene Allen, a federal prisoner appearing *pro se*, filed a 42 U.S.C. § 1983 civil rights complaint (Dkt. # 1) and a motion to proceed *in forma pauperis* (Dkt. # 2). In an Opinion and Order entered May 31, 2012 (Dkt. # 3), the Court determined that Plaintiff's motion to proceed *in forma pauperis* was deficient and that his complaint was subject to being dismissed for failure to state a claim upon which relief may be granted. Therefore, Plaintiff was directed to file amended pleadings to cure the identified deficiencies. Id. On June 18, 2012, Plaintiff filed an amended motion to proceed *in forma pauperis* (Dkt. # 4) and an amended complaint (Dkt. # 5). By Order filed June 20, 2012 (Dkt. # 6), the Court granted Plaintiff's request to proceed *in forma pauperis* and directed Plaintiff to pay an initial partial filing fee on or before July 20, 2012. Plaintiff has failed to pay the initial partial filing fee and his deadline has passed.[1] In addition, upon review of the amended complaint, the Court finds Plaintiff has failed to cure the previously

---

[1] The Court acknowledges receipt of correspondence from Plaintiff regarding payment of the initial partial filing fee. See Dkt. #s 12, 14. However, he has not submitted the payment as directed by the Court.

identified deficiencies. Therefore, the amended complaint shall be dismissed without prejudice for failure to state a claim upon which relief may be granted. Plaintiff remains obligated to pay the full $350 filing fee, in monthly installments.

**A. Dismissal standards**

As Plaintiff was advised in the Court's prior Opinion and Order, see Dkt. # 3, federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must identify any cognizable claim and dismiss any claim which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b). To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. Id. at 555. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the cause of action should be dismissed. Id. at 558.

A pro se plaintiff's complaint must be broadly construed under this standard. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). The generous construction to be given the pro se litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). A reviewing court need not accept "mere conclusions

characterizing pleaded facts." Bryson v. City of Edmond, 905 F.2d 1386, 1390 (10th Cir. 1990); see also Twombly, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (quotations and citations omitted)). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

## B. Claims are barred by Heck v. Humphrey

In his amended complaint (Dkt. # 5), Plaintiff names the same defendants and simply restates allegations made in his original complaint. He claims that in September 1987, he was arrested in Creek County, Oklahoma, on a charge of lewd molestation. See Dkt. # 5. In June 1993, after he had served 30 months in prison, the victim "retracted" her statements. Id. Plaintiff claims that Judge Donald Thompson accepted the victim's statements and ordered Plaintiff released from any charges. Id. He complains that despite his efforts to obtain relief from his Creek County convictions, he was arrested by the United States Marshal and charged with Failure to Register as a Sex Offender.[2] Based on those allegations, Plaintiff identifies three (3) claims, as follows:

Count I:     All civil, constitutional, and statutory rights of petitioner have been violated by the Creek County authorities.

Count II:    Illegal arrest.

---

[2]On November 19, 2010, Plaintiff pleaded guilty to Failure to Register as a Sex Offender in the United States District Court for the Western District of Missouri, Case No. 10-CR-5036-RED. See www.ecf.mowd.uscourts.gov. On May 6, 2011, he was sentenced to 33 months in custody of the Federal Bureau of Prisons. Id. Plaintiff appealed. On October 4, 2011, the Eighth Circuit Court of Appeals affirmed his conviction and sentence. Nothing suggests that Plaintiff's conviction, entered in W.D. Mo. Case No. 10-CR-5036-RED, has been invalidated or set aside.

3

>Alleged victim retracted her statement, therefore, petitioner was illegally arrested and was incarcerated for 30 months for something he didn't do.

Count III:   Failure to close record in the court system as required by law and official orders from the judge.

(Dkt. # 5). In his prayer for relief, Plaintiff asks for " $100,000.00 per year since 9/3/1987 for stress, mental anguish, and loss of family, etc. A letter of apology from the Creek County authorities. $5,000,000.00 for the loss of family. And -- immediate release from federal prison." Id.

Plaintiff's amended complaint shall be dismissed without prejudice for failure to state a claim upon which relief may be granted. "[A] state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence,' unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated." Edwards v. Balisok, 520 U.S. 641, 643 (1997) (quoting Heck v. Humphrey, 512 U.S. 477, 487 (1994)). Requests for injunctive and declaratory relief premised on allegations which necessarily imply the invalidity of ongoing incarceration are also barred under Heck. See Beck v. City of Muskogee Police Dep't, 195 F.3d 553, 557 (10th Cir. 1999)).

Nothing presented by Plaintiff in his amended complaint changes the Court's prior determination that this action is barred by Heck. A judgment in favor of Plaintiff on his claims challenging the constitutionality of his ongoing incarceration resulting from Defendants' actions related to the criminal conviction entered in Creek County District Court would "necessarily imply the invalidity of his conviction or sentence." Heck, 512 U.S. at 487. If the Court were to find merit to Plaintiff's claims based on the Creek County Defendants' failure to set aside his Creek County convictions, that finding would necessarily imply the invalidity of the Creek County convictions. Such a finding would not be cognizable under § 1983 unless Plaintiff demonstrates that the Creek

County convictions have been set aside or invalidated. Plaintiff makes only unsupported,[3] self-serving statements concerning his Creek County conviction and has not shown that either the Creek County conviction or his federal conviction has been overturned or otherwise invalidated. As a result, any claim for damages or declaratory or injunctive relief under 42 U.S.C. § 1983 has not yet accrued. For that reason, Plaintiff's amended complaint shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.

Furthermore, Plaintiff's request for immediate release is improperly asserted in this case. Such request is in the nature of habeas corpus and is not cognizable in a civil rights action. In <u>Preiser v. Rodriguez</u>, 411 U.S. 475 (1973), the Supreme Court of the United States held that habeas corpus is the exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release. <u>See</u> <u>also</u> <u>Wilkinson v. Dotson</u>, 544 U.S. 74, 78 (2005) (citing <u>Preiser</u> and reiterating that prisoners cannot use civil rights actions to challenge "the fact or duration of [their] confinement"); <u>Dees v. Murphy</u>, 794 F.2d 1543, 1545 (11th Cir. 1986) (citing <u>Preiser</u> as support for dismissal of civil rights action challenging validity of plaintiff's federal conviction and requesting that conviction be declared constitutionally invalid). "Congress provided 28 U.S.C. §

---

[3]Plaintiff states that Judge Thompson "ordered" that "'<u>all</u>' records and said charge of (1 count of lewd molestation) be dismissed and removed from the petitioner's records." <u>See</u> Dkt. # 5 (emphasis in original). He further states that he "has this letter and a certified/registered copy of the order from Judge Donald Thompson." <u>Id.</u> However, Plaintiff has not provided a copy of the order to this Court. The Court takes judicial notice of the docket sheet for Plaintiff's criminal case, Creek County District Court, Case No. CRF-1987-184, viewed at www.odcr.com. Significantly, entries on the docket sheet refute any contention by Plaintiff that his conviction has been vacated or otherwise invalidated. In fact, the docket sheet shows that on December 10, 1992, Plaintiff's request for sentence modification was denied, and that a motion to expunge charge from record, filed on December 7, 2010, was denied by order filed January 14, 2011. <u>See</u> www.odcr.com.

2255 as the appropriate remedy for collateral attack of a federal conviction." Dees, 794 F.2d at 1545. Therefore, Plaintiff's request for immediate release is improper must be dismissed.

## C. First "prior occasion" under 28 U.S.C. § 1915(g)

Plaintiff has been granted leave to proceed *in forma pauperis*. In addition, his amended complaint fails to state a claim upon which relief may be granted. As a result, the amended complaint shall be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). This dismissal shall count as Plaintiff's first "prior occasion" under 1915(g) (providing that "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury").

## D. Plaintiff's change of address

As a final matter, the Court notes that in a recent letter (Dkt. # 13), Plaintiff informed the Court that on January 10, 2013,[4] he was being transferred to the Jackson County Adult Detention Center in Pascagoula, Mississippi, where a detainer had been lodged against him. Therefore, the Clerk of Court shall update Plaintiff's address to Jackson County Adult Detention Center, P.O. Box 998, Pascagoula, MS  39568.

---

[4]According to information on the website maintained by the Federal Bureau of Prisons, www.bop.gov, Plaintiff was released from federal custody on January 10, 2013.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. The amended complaint (Dkt. # 5) is **dismissed without prejudice** for failure to state a claim upon which relief may be granted.

2. The Clerk is directed to **flag** this dismissal as Plaintiff's **first** "prior occasion" for purposes of 28 U.S.C. § 1915(g).

3. Plaintiff remains obligated to pay in monthly installments the $350 filing fee for this case.

4. A separate judgment shall be entered in this matter.

5. The Clerk of Court shall update Plaintiff's address to Jackson County Adult Detention Center, P.O. Box 998, Pascagoula, MS  39568.

DATED THIS 20th day of February, 2013.

                                                     _____
                                                   GREGORY K. FRIZZELL, CHIEF JUDGE
                                                   UNITED STATES DISTRICT COURT